Lieghley, J.
The parties stood in the same order in the court below.
Plaintiffs filed their petition in the court of common pleas to contest the will of William Pincombe, deceased, alleging that they are judgment creditors *323 of William S. Pincombe, only son of said testator, and are therefore interested in said will. Said plaintiffs named said William S. Pincombe and the children of said William S. Pincombe as defendants or contestees. The case came to trial before a jury, and the contestees, or proponents of the will, introduced the order of probate and the original will, which were admitted. The proponents then offered to supplement the same with oral testimony bearing upon the due execution and attestation of said will, to which objection was made and sustained. A motion was then made by the contestants or plaintiffs to direct a verdict that said paper writing was not in fact the last will and testament of William Pincombe, deceased, which was overruled. The plaintiffs then rested, and defendants made a motion for a directed verdict sustaining the will, which was granted. Error is prosecuted to this court to reverse the judgment of the court below sustaining the validity of said will.
The following, is a copy of so much of said will as is necessary to disclose or exhibit the errors complained of:
“In Witness Whereof, I have set my hand to this, my Last Will -and Testament, at Cleveland, Ohio, this 11th day of Oct. in the year of our Lord, One Thousand Eight Hundred and Ninety Seven.
“his
“William Pincomb.
“mark
“The foregoing instrument was signed by the said William X Pincomb in our presence, and by him published and declared as and for his Last *324 Will and Testament, and at his request, and in our presence, and in the presence of each other, we hereunto subscribe our Names as Attesting Witnesses, at Cleveland, Ohio, this 11th day of Oct., A. D. 1897.
“A. Marks Flick, resides at 753 Republic St.
“Walter M. McMahon, resides at 45 Mather . St.”
The plaintiffs claim that their motion to direct a verdict invalidating the will should have been granted, on the ground that the will is not signed by the testator at the end thereof, or is not signed at all by the testator.
The statute provides that the order of probate and the will shall constitute prima facie evidence of the due execution, attestation and validity of the will. By order -of probate is meant the judgment of the probate court admitting the will, and does not include the testimony or evidence upon, which the order of probate was made. Kettemann, Exrx., et al. v. Metzger, 3 C. C., N. S., 224.
When this motion was made by plaintiffs to direct a verdict, in the absence of ambiguity appearing on the face of the will, it became the duty of the court to determine as a matter of law from the will itself whether or not the will had been executed and attested in compliance with the requirements of the statute. The court decided that it had been so executed and attested.
An examination of the original will will disclose that the words “William Pincomb” and the words “his” and “mark” are 'in the handwriting of the ■scrivener, and on the line at the end of the will where customarily the signature of the testator *325 appears. The space between the words “his” and “mark” is blank. Certainly this writing at (the end of the will can have no legal force and effect standing alone, without, the same having been adopted by the testator as his signature and its adoption evidenced by the making in said space his X.
■It is claimed by the defendants, in their offer to prove, that the testator did in fact make an X, intending the same to be a signature to this will, but that he mistakingly or inadvertently made the same in the attestation clause between the words “William” and “Pincomb,” said words appearing in the attestation clause in the space reserved for the description by name of the person signing the will. This X is not identified by any words such as “his mark;” it is merely a cross or X. It is claimed by the defendants that this X should be considered by the court as the signature of the testator, intended to be placed at the end of the will, and testimony was offered to show that the testator so intended.
The defendants rely for authority to support this will upon the case of Giddings v. Schmuck, Exr., 20 C. C., N. S., 142, in which case the name of the testator appeared twice in different handwritings in the space reserved in the attestation clause for the description by name of the testator. The court held that one name answered the requirement of the attestation clause, and the other as the signature to the will.
Are there two names in the attestation clause in this will? It reads “William X Pincomb.” For the purposes of the attestation clause we- should read this as “William Pincomb,” -omitting the X. For the purposes of a signature to the will we *326 should include the X, although not designated as his mark.
In the case of Sears et al. v. Sears et al., 77 Ohio St., 104, the testatrix did not sign the will at the end thereof, but wrote her name in the space in the attestation clause. The court held that this failed to answer the requirements of the statute. In the case at bar what appears at the end of the will amounts to a nullity until adopted by the testator as his signature by inserting his X. In our opinion this case is no stronger than the case last above cited. As stated in the Sears case, it is not a question of what the testator intended, but what the testator did. Although the X is not identified by any words to identify the making thereof as the act of the testator, the court is asked to say that this X is the signature of the testator at the end of the will. From the face of the will, it is not signed at the end thereof. There is no mark identified as the mark of the testator. Granting that the cross in the attestation clause was made by the testator, and that he thereby intended to sign the will, we have the precise claim that was made in the Sears case.
Quoting from the opinion in the case of Sears et al. v. Sears et al., supra, at page 128:
“True, the statute does enact that the order of probate shall be prima facie evidence; but the legislature did not contemplate that a will not signed, or not signed at the end thereof, or not witnessed, ever would be ordered to be probated; and so the matter is not controlled by the statute. It was assumed that the end of the will was self-evident, and the statute was adopted in order to leave no *327 room for the abuses and litigation that had been invited by the efforts of the courts to give effect to the intentions of testators. When the facts are known, the question -whether the will is signed at the end' is one of law; and when the will itself shows that it is not signed or attested as required by the statute, it becomes the duty of the court so to instruct the jury. The statute enacts that the order of probate shall be prima facie evidence; and so it is; but it also enacts that the defendant shall offer the will, which he did; and, it appearing from the will itself that it was not signed at the end thereof, the prima facie case made by the order of probate was overcome. But if it be said that this is technical, and that what the legislature manifestly intended was that the will and the order of probate should make a prima facie case, then we have only to s'ay that the legislature could not have intended that it ever should be left to a jury to determine that a will not signed as required by the statute was valid because they found that the testator intended to comply with the statute.”
We are of the opinion that this will was not executed, if it was signed at all, by the testator in accordance with the requirements of the statute, and the motion of plaintiffs below to direct a verdict that said paper writing was not the last will and testament of William Pincombe, deceased, should have been granted.
It is claimed by the defendants, however, that the judgment of the court below should be affirmed for the reason that the record fails to disclose any interest which these plaintiffs may have in said will; that there is no proof in the bill of exceptions *328 disclosing that they are judgment creditors as claimed in their petition. It is urged that the defendants filed answers denying generally the claims of the plaintiffs that they were interested parties, and thereby issue was joined which required proof thereof to confer a right in the plaintiffs to contest the will.
The statute provides that any one interested in a will may file a petition to contest the same. The procedure in a will contest is special, and regulated by statute. The issue sought to be determined, and for the determination of which this special proceeding is had, is the decision of whether or not a particular paper writing is or is not the last will of the testator.
The statute provides that the proponents of the will after an- issue has been made up shall offer the will and order of probate and rest. Up to this point of time the plaintiffs are not called upon to make any proof. After the will and order of probate are admitted in evidence, if the will appears not to have been signed at the end thereof it then becomes the duty of the court as a matter of law to determine whether or not' there has been execution of the will as provided by law. Under the state of the pleadings in this case, and holding as we do that this paper writing is not a valid will, and that the motion of the plaintiffs to direct a verdict invalidating the will should have been allowed, we conclude that this claim of the defendants is not well taken.
The judgment of the court below is reversed for error in overruling the motion of the plaintiffs, made after the introduction of the will and order *329 of probate, to direct a verdict invalidating the will, and, coming now to render the judgment which the court of common pleas should have rendered, final judgment is rendered for the plaintiffs in error, and we hold that the paper writing purporting to be the last will and testament of William Pincombe, deceased, is not the last will and testament pf William Pincombe, deceased.
Judgment reversed, and judgment for plaintiffs in error.
Grant, J., concurs.
Dunlap, J., dissents.