SCHUBERT ET AL. v. CHRISTMAN.

*Contest of will—Not signed at end—Section 10505, General Code—Court to direct verdict, when.*

In a proceeding to contest a paper writing alleged to be a will, which is not signed at the end thereof in accordance with Section 10505, General Code, and hence not a valid will, there is no question of fact for the jury to determine and it is the duty of the court, on motion, to direct a verdict setting aside the will.

(Decided May 29, 1922.)

*Mr. Herman H. Schrader,* for plaintiffs in error.
*Messrs. Fulton & Woost,* for defendant in error.

ERROR: Court of Appeals for Hamilton county.

BY THE COURT. The action below was to set aside a paper writing, admitted to probate as the last will and testament of Julia Christman, deceased.

On trial the paper writing and order of probate were offered in evidence by the contestees, who then rested their case. On motion by the contestants, the court directed a verdict setting aside the will, on the ground that the paper writing was not a will, not having been signed at the end thereof, in accordance with Section 10505, General Code.

It is apparent from an examination of the paper writing that it is not signed at the end thereof, and, hence, is not a valid will. The alleged signature of the testatrix appears only in the testatum clause.

The only other question presented is whether or not this matter should have been submitted to the jury.

App.]                   Schubert v. Christman.

The code (Section 12083) provides that "on the trial of such issue, the order of probate shall be *prima facie* evidence of the due attestation, execution, and validity of the will or codicil."

These matters have been passed upon in many cases in this state, the more recent of which are *Herbster* v. *Pincombe*, 10 Ohio App., 322, and *Sears* v. *Sears*, 77 Ohio St., 104, the latter case having been recently approved in *Honious* v. *Honious*, 102 Ohio St., 693.

Under these decisions it was the duty of the court to determine, as a matter of law, from the will itself whether or not it was executed and attested in compliance with the requirements of the code, and when the court determined that it was not properly executed there remained no question of fact for a jury to determine and it became the court's duty on motion to direct the verdict setting aside the will.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.